**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

MARY ROBIN SMITH                                                                                         PLAINTIFF

v.                                            5:10CV00036 BSM/JTR

MICHAEL J. ASTRUE,
Commissioner, Social
Security Administration                                                                                  DEFENDANT

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

### INSTRUCTIONS

This recommended disposition has been submitted to United States District Judge Brian S. Miller.  The parties may file specific objections to these findings and recommendations and must provide the factual or legal basis for each objection.  The objections must be filed with the Clerk no later than fourteen (14) days from the date of the findings and recommendations.  A copy must be served on the opposing party.  The District Judge, even in the absence of objections, may reject these proposed findings and recommendations in whole or in part.

### RECOMMENDED DISPOSITION

Plaintiff, Mary Robin Smith, has appealed the final decision of the Commissioner of the Social Security Administration denying her claim for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI").  Both parties have filed Appeal Briefs (docket entries #12 and #16), and the issues are joined and ready for disposition.

The Court's function on review is to determine whether the Commissioner's

decision is supported by substantial evidence on the record as a whole and whether it is based on legal error. *Long v. Chater,* 108 F.3d 185, 187 (8th Cir. 1997); *see also* 42 U.S.C. § 405(g). While "substantial evidence" is that which a reasonable mind might accept as adequate to support a conclusion,[1] "substantial evidence on the record as a whole" requires a court to engage in a more scrutinizing analysis:

> "[O]ur review is more than an examination of the record for the existence of substantial evidence in support of the Commissioner's decision; we also take into account whatever in the record fairly detracts from that decision." *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). Reversal is not warranted, however, "merely because substantial evidence would have supported an opposite decision." *Shannon v. Chater*, 54 F.3d 484, 486 (8th Cir. 1995).

*Reed v. Barnhart*, 399 F.3d 917, 920 (8th Cir. 2005).

Plaintiff alleged disability based on morbid obesity, sleep apnea, high blood pressure, carpal tunnel syndrome, and heart, stomach and sinus problems. (Tr. 56).

On July 17, 2007, the Administrative Law Judge ("ALJ") conducted an administrative hearing. Both Plaintiff and her husband testified. In his August 4, 2007 decision, the ALJ concluded that Plaintiff had not been under a disability at any time through the date of his decision. (Tr. 33-34).

On December 9, 2009, the Appeals Council received additional evidence and then denied Plaintiff's request for review of the ALJ's decision, making it the final decision of the Commissioner. (Tr. 4-7) Plaintiff then filed her Complaint initiating this appeal. (Docket entry #2).

Plaintiff was 38-years old at the time of the hearing. (Tr. 491). She obtained

---

[1] *Reynolds v. Chater*, 82 F.3d 254, 257 (8th Cir. 1996).

her General Equivalency Diploma and had additional training as a certified nurse's aide. *Id.* She had no past relevant work. (Tr. 23, 32).

The ALJ considered Plaintiff's impairments by way of the required five-step sequential evaluation process. The first step involves a determination of whether the claimant is involved in substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i) (2007). If the claimant is, benefits are denied, regardless of medical condition, age, education or work experience. *Id.* §§ 404.1520(b), 416.920(b).

Step 2 involves a determination of whether the claimant has an impairment or combination of impairments which is "severe" and meets the duration requirement. *Id.* §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). If not, benefits are denied. *Id.* A "severe" impairment significantly limits a claimant's ability to perform basic work activities. *Id.* §§ 404.1520(c), 416.920(c).

Step 3 involves a determination of whether the severe impairment(s) meets or equals a listed impairment. *Id.* §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If so, and the duration requirement is met, benefits are awarded. *Id.*

If the claimant does not meet or equal a Listing, then a residual functional capacity assessment is made. *Id.* §§ 404.1520(a)(4), 416.920(a)(4). This residual functional capacity assessment is utilized at Steps 4 and 5. *Id.*

Step 4 involves a determination of whether the claimant has sufficient residual functional capacity to perform past relevant work. *Id.* §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If so, benefits are denied. *Id.*

Step 5 involves a determination of whether the claimant is able to make an adjustment to other work, given claimant's age, education and work experience. *Id.*

§§ 404.1520(a)(4)(v), 416.920(a)(4)(v). If so, benefits are denied; if not, benefits are awarded. *Id.*

The ALJ found that Plaintiff: (1) had not engaged in substantial gainful activity since her alleged onset date (Tr. 23); (2) had "severe" impairments[2] consisting of obstructive sleep apnea and restless leg syndrome with possible periodic limb movements during sleep, symptomatic degenerative arthritis of the right knee, left ankle sprain, morbid obesity, hypertension, diabetes mellitus, heart dysrhythmia, status post carpal tunnel release on the right, an adjustment disorder with depressed mood and anxiety, and a personality disorder with histrionic and narcissistic features (Tr. 23-24, 33); (3) did not have an impairment or combination of impairments that met or equaled a Listing (Tr. 24); (4) was not fully credible in her subjective allegations (Tr. 29); (5) retained the residual functional capacity for a full range of sedentary work (Tr. 30, 32); (6) had no past relevant work (Tr. 23); but (7) could perform a substantial number of jobs that existed in the national economy.[3] (Tr. 33) Thus, the ALJ concluded that Plaintiff was not disabled. *Id.*

Plaintiff argues the ALJ erred: (1) in utilizing the Medical-Vocational

---

[2] In the body of the opinion, the ALJ listed the impairments and then found Plaintiff had "a severe impairment," but did not specifically indicate which impairment(s) was "severe." (Tr. 23-24) In his "Findings," the ALJ again listed the impairments and then found that she did not meet or equal a Listing (Step 3 of the sequential evaluation process), thereby implicitly finding that the indicated impairments were "severe" (Step 2). (Tr. 33) In the Commissioner's Appeal Brief, he makes it clear that all of the indicated impairments were "severe." (Defendants's Brief at 2).

[3] In reaching the Step 5 conclusion that Plaintiff could perform a substantial number of jobs which existed in the economy, the ALJ applied the Medical-Vocational Guidelines. (Tr. 33).

Guidelines to determine that she was not disabled; and (2) in determining her residual functional capacity. For the reasons discussed below, the Court finds that Plaintiff's first argument has merit.[4]

Plaintiff argues that, because she suffered from nonexertional impairments, the ALJ erred when he utilized the Medical-Vocational Guidelines, rather than vocational expert testimony, to determine whether she was disabled at Step 5. (Plaintiff's Brief at 15-18). In *Reed v. Sullivan*, 988 F.2d 812, 816 (8th Cir. 1993) (emphasis in original), the Court described the appropriate circumstances under which an ALJ could properly use the Medical-Vocational Guidelines:

> Generally, if the claimant suffers from nonexertional impairments that limit her ability to perform the full range of work described in one of the specific categories set forth in the guidelines, the ALJ is required to utilize testimony of a vocational expert. *Groeper v. Sullivan*, 932 F.2d 1234, 1235 n. 1 (8th Cir. 1991). In those instances, the ALJ cannot rely exclusively on the guidelines to direct a conclusion of whether claimant is "disabled" or "not disabled." *Thompson v. Bowen*, 850 F.2d 346, 349 (8th Cir. 1988). Instead, testimony of a vocational expert must be taken. *Groeper*, 932 F.2d at 1235. The exception to this general rule is that the ALJ may exclusively rely on the guidelines even though there are nonexertional impairments if the ALJ finds, and the record supports the finding, that the nonexertional impairments do not *significantly* diminish the claimant's RFC to perform the full range of activities listed in the guidelines. *Thompson*, 850 F.2d at 349-350 (emphasis added).

*Accord*, *McGeorge v. Barnhart*, 321 F.3d 766, 768-69 (8th Cir. 2003); *Holley v. Massanari*, 253 F.3d 1088, 1093 (8th Cir. 2001); *Holz v. Apfel*, 191 F.3d 945, 947 (8th Cir. 1999).

As noted earlier, the ALJ found that Plaintiff had "severe" nonexertional

---

[4]Because the Court finds that Plaintiff's first argument has merit, there is no need to address her second argument.

impairments, including obstructive sleep apnea and restless leg syndrome, with possible periodic limb movements during sleep; symptomatic degenerative arthritis of the right knee; left ankle sprain; morbid obesity; hypertension; diabetes mellitus; heart dysrhythmia; status post carpal tunnel release on the right; an adjustment disorder with depressed mood and anxiety; and a personality disorder with histrionic and narcissistic features.  (Tr. 23-24, 33).

A "severe" impairment is one that significantly limits a claimant's physical or mental ability to do basic work activities.  *Gwathney v. Chater*, 104 F.3d 1043, 1045 (8th Cir. 1997); *Browning v. Sullivan*, 958 F.2d 817, 821 (8th Cir. 1992); 20 C.F.R. §§ 404.1520(c), 416.920(c) (2007).  It has "more than a minimal effect on the claimant's ability to work."  *Hudson v. Bowen*, 870 F.2d 1392, 1396 (8th Cir. 1989); *accord*, *Kirby v. Astrue*, 500 F.3d 705, 707 (8th Cir. 2007); *Page v. Astrue*, 484 F.3d 1040, 1043 (8th Cir. 2007).  It is impossible to reconcile the ALJ's finding of "severe" nonexertional impairments at Step 2 with his finding, at Step 5, that those nonexertional impairments did not significantly diminish Plaintiff's residual functional capacity to perform the full range of activities listed in the Medical-Vocational Guidelines.  Those utterly inconsistent findings constitute reversible error.

IT IS THEREFORE RECOMMENDED that the final decision of the Commissioner be reversed and this case remanded to the Commissioner for further proceedings consistent with this Order.[5]

---

[5] If the United States District Court adopts this Recommended Disposition, the case will be remanded pursuant to "sentence four" of 42 U.S.C. § 405(g) and *Melkonyan v. Sullivan*, 501 U.S. 89 (1991).

DATED this 2nd day of December, 2010.

                                                                   _____
                                                                   UNITED STATES MAGISTRATE JUDGE